PARHAM *et al. v.* BEASLEY.

*(Jackson,* April Term, 1952.)

Opinion filed June 7, 1952.

Rehearing denied August 15, 1952.

C. A. STAINBACK, of Somerville, E. J. HARRIS, of Bolivar, and CHAS. S. SEAY, of Memphis, for petitioners.

TROY W. TOMLIN, of Somerville, and WILLIAM A. PERCY, of Memphis, for respondents.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is a petition for certiorari in a suit, to all intents and purposes for ejectment, though the suit was filed to

remove a cloud on the title of the Beasley's by reason of certain alleged deeds under which the petitioners were attempting to cut the timber and to acquire the land claimed by the Beasley's south of the Wolf River. The Chancellor and the Court of Appeals concurred in the facts and the law, as construed by them, and held that this land belonged to the Beasley's and that these deeds were a cloud on the Beasley's title.

The Court of Appeals rendered its decision on November 29, 1951. Members of this Court granted three extensions of time up to and including March 15, 1952, in which to file a petition for certiorari. The petition for certiorari was filed on March 15, 1952, and a reply filed thereto on March 30, 1952. Code Section 10629 provides that petitions for certiorari may be filed with us, from decrees of the Court of Appeals, within 45 days or 90 days after the decree of the Court of Appeals if extensions are granted. This Court nor no member thereof has any authority to grant extensions beyond 90 days from the entry of the decree of the Court of Appeals. This Court in *James* v. *Kennedy,* 174 Tenn. 591, 129 S. W. (2d) 215, 216, speaking through Chief Justice Green said:

"We may refer in this connection to Section 10629 of the Code regulating the right of removal to this court of cases determined in the Court of Appeals. The statute provides that there shall be no other method of review except by certiorari and that the time for filing petitions for certiorari shall not be extended beyond ninety days after final judgment of the Court of Appeals. This court has uniformly felt compelled to dismiss appeals and writs of error undertaken by mistaken litigants from judgments of the Court of Appeals, although adverse parties had

made no point on the practice and had responded to the assignments of error. So we have felt obliged to dismiss petitions for certiorari filed more than ninety days after the judgments of the Court of Appeals, although adverse parties undertook to waive the statutory requirements.''

It would thus seem, and it has been the understanding in the profession and with the members of this Court, it is the clear intention of the legislature in enacting Section 10629, that after this time expires this Court is without jurisdiction. This is true even though an extension of time has been granted within the time beyond the 90 day period. Of course members of this Court who grant extensions of time for filing petitions for certiorari do not know and have no way to check on the time of the entry of the decree of the Court of Appeals or its opinion at the time they grant the extension. For the reasons above the petition for certiorari must be dismissed at the cost of the petitioners.

### ON PETITION TO REHEAR

We have before us a forceful, courteous and dignified petition to rehear in this matter. We must adhere to our conclusion as reached in our former opinion.

█ The petition to rehear contains an affidavit of the clerk which shows that the decree on the opinion of the Court of Appeals, in this cause, was filed on December 10, 1951. On March 10, 1952, the petition for certiorari was placed in the mail and opposing counsel was given notice of the intention to file this petition as of March 15, 1952. The petition for certiorari was filed on March 15, 1952. We think that the governing date is the date that the petition for certiorari is filed which is March 15, 1952 or at least 4 days longer than the day

448

on which it could be filed under the statute. More than 90 days have elapsed since the filing of the decree on the opinion of the Court of Appeals which was December 10, 1951.

By an amendment to the rules as found in 189 Tenn. page 820, it is, "provided the clerks of the respective divisions of the court of appeals shall date the decrees and judgments when filed, and the time for filing petition for certiorari and for supersedeas shall be computed from said date." Rules of Supreme Court, rule 11. Obviously under this rule the date for filing petitions for certiorari and supersedeas must begin from the date of the filing of the decree in the opinion of the Court of Appeals, not the date when the minutes of the Court of Appeals are signed. It thus is forced on us to hold that the petition for certiorari in this cause was not filed in time and must therefore be denied.