STATE of Tennessee, Appellee,

v.

Horace W. SIMS, Appellant.

In the Matter of the ESTATE OF Harry Lee CARTER, Deceased.

Shelly I. STILES and Clinton H. Swafford, Plaintiffs-Appellants,

v.

Clyde T. CARTER and Bernice H. Grant, Administrators of the Estate of Harry Lee Carter, Deceased, Defendants-Appellees.

Supreme Court of Tennessee.

Dec. 21, 1981.

Elliott Ozment, Nashville, for plaintiffs-appellants Stiles and Swafford.

C. E. Murray and Joe S. Bean, Winchester, for defendants-appellees Carter, et al.

James W. Harrison and Neil G. Taylor, Asst. Dist. Attys. Gen., Memphis, William M. Leech, Jr., Atty. Gen., Nashville, for State.

Warner Hodges, Memphis, for Horace W. Sims.

OPINION

PER CURIAM

Petitions to rehear have been filed in the criminal case of *State v. Sims* and in the civil case of *The Estate of Harry Lee Carter, Deceased, v. Clyde Carter, et al.*, both raising identical questions. We dismissed the Rule 11, Tennessee Rules of Appellate Procedure, applications for permission to appeal, in each case because the applications were filed more than sixty days following the final action of the intermediate appellate courts, and this Court was without jurisdiction to consider the merits of the applications.

Rule 11(b), T.R.A.P., states that "the application for permission to appeal shall be filed with the Clerk of the Supreme Court within thirty days after the entry of the judgment of the Court of Appeals or Court of Criminal Appeals." The Rule further states that "an extension of not more than an additional thirty days may be granted by the Court, or a Justice thereof," however, "[n]o extension beyond said additional thirty day period shall be permitted, and any motion for an extension must be made before expiration of the initial thirty day period." Rule 11, superseded T.C.A. §§ 27–819, and 820 (1980 Replacement T.C.A. §§ 27–8–119, and 120), which provided for review by writ of certiorari. T.C.A. § 27–820 allowed forty-five days within which to file a petition for certiorari, and the Supreme Court, or any Justice thereof, could extend such time for an additional forty-five days, not to exceed ninety days after the final decree in the Court of Appeals.

Rule 11(b), T.R.A.P., allows the Court, or any Justice thereof, to grant an additional thirty days within which to file an application for permission to appeal, not to exceed sixty days after the judgment of an intermediate appellate court. Rule 11 thus reduces the maximum time frame from what used to be ninety days under T.C.A. § 27–820, to sixty days.

■ The Court in *Parham v. Beasley*, 194 Tenn. 444, 251 S.W.2d 251 (1952), held that after the ninety days expired the Court was without jurisdiction to determine an appeal. We are likewise without jurisdiction to consider an appeal after the expiration of the sixty day limitation prescribed by Rule 11(b).

Rule 2 and Rule 21(b), T.R.A.P., expressly provide that we may *not* enlarge the time for filing an application for permission to appeal prescribed in Rule 11. Rule 2 empowers this Court to relieve litigants of the consequences of noncompliance with the Rules, except we are not permitted to extend the time for filing (1) a notice of appeal prescribed in Rule 4, (2) a petition for review prescribed in Rule 12, or (3) an application for permission to appeal prescribed in Rule 11. Unfortunately for appellants, Rule 11 is one of the three deadlines set out in the Appellate Rules which cannot be suspended.

■ With the time limitations of Rule 11 in mind, we will now consider the facts in the *Sims* and *Carter* cases. Sims appealed from the judgment of the Court of Criminal Appeals entered on June 11, 1981. The thirtieth day for Sims fell on Saturday, July 11, and therefore under Rule 21(a), T.R.A.P., he was allowed until Monday, July 13, within which to file his application or seek an extension of time. Sims chose to seek an extension and called the Clerk's office at Jackson prior to the running of the original thirty days. An Order, apparently prepared by the Clerk, granted appellant thirty days from and after July 13, up to and including August 12, 1981. This Order was signed by a member of this Court. Appellant filed his application on Wednesday, August 12, the *sixty-second* day after entry of

the judgment of the Court of Criminal Appeals.

The facts in the Carter appeal are nearly identical. The judgment of the Court of Appeals was entered on May 15, 1981. The thirtieth day fell on Sunday, June 14. On Monday, June 15, appellants asked for and received an extension of thirty days. The Order signed by a member of this Court granted appellants until July 15, 1981, within which to file an application for permission to appeal. On Wednesday, July 15, the application was filed by appellants, the *sixty-first* day after entry of the judgment of the Court of Appeals.

We dismissed both applications because they were not timely filed and the Court was without jurisdiction to consider the merits of the respective appeals. We dislike dismissing any appeal without reaching the merits, however we are constrained to follow our Rules of Appellate Procedure and prior case law.

A similar fact situation occurred in *Parham v. Beasley, supra*, wherein Parham appealed from the judgment of the Court of Appeals entered on December 10, 1951. Extensions were granted by members of the Supreme Court up to and including March 15, 1952. Parham filed his petition for certiorari on March 15, the ninety-fifth day after entry of the judgment of the Court of Appeals. The Court dismissed the petition holding that neither the Supreme Court nor any member thereof had any authority to grant an extension beyond ninety days from the entry of judgment of the Court of Appeals. The Court further held that after the time expired the Court was without jurisdiction to consider the petition. The Court pointed out that "members of this Court who grant extensions of time for filing petitions for certiorari do not know and have no way to check on the time of the entry of the decree of the Court of Appeals or its opinion at the time they grant the extension." 194 Tenn. at 447, 251 S.W.2d 251. The members of this Court are in a similar posture, for when granting extensions of time we do not have the record and do not know the date of judgment

of the intermediate appellate court. The burden is therefore upon appellant and his counsel to calculate the proper number of days within which to file his application, and to insure that his application is timely filed. Appellant cannot delegate this responsibility to the Clerk of the Court or the Court itself, for this responsibility lies solely with appellant and his counsel.

The applications in both cases having been filed more than sixty days following the final action of the intermediate appellate courts, we are without jurisdiction to consider the appeals and the petitions to rehear are accordingly denied.