Dale and Daphney **HOUSEAL,**
**Plaintiffs-Appellants,**

v.

Gene **ROBERTS, Commissioner, Tennessee Department of Safety,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

April 16, 1984.

Application for Permission to Appeal
Denied by Supreme Court
July 16, 1984.

Jay Fred Friedman, Memphis, for plaintiffs-appellants.

Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

This appeal presents the simple question of whether the appellants should be excused for failing to initiate their appeal within the time prescribed by statute because they did not anticipate the delay in the delivery of their petition for review through the mail.

On June 4, 1981, the Commissioner of the Department of Safety, pursuant to the Tennessee Drug Control Act, ordered the forfeiture of monies seized from the appellants' residence during a legal search conducted by the Shelby County Sheriff Department in which several pounds of marijuana was also confiscated. The appellants contended at the administrative hearing conducted by the Department of Safety that the confiscated monies had been earned in the operation of a legitimate food concession business. The hearing examiner evidently chose not to believe the appellants.

Because the dispute concerning the forfeiture of the money constituted a "contested case" as defined by the Uniform Procedures Act, the appeal of the Department's decision was to the Chancery Court of Davidson County. *See* T.C.A. § 4–5–322 (1982). Such an appeal is initiated by filing a petition of review in the appropriate Chancery Court within 60 days after the entry of the adverse administrative ruling. *Id.*

In this case, the appellants' lawyer mailed the petition for review from Memphis on Friday, July 31, 1981, the 57th day of the 60 day period. However, the petition was not marked filed by the clerk of the Davidson County Chancery Court until Tuesday, August 4, 1981, one day late. Clearly, the package either took four days in the mail or the clerk simply failed to mark the petition filed on Monday. In the absence of any allegation to the contrary, we must assume the clerk's office acted diligently and that the package was not received until Tuesday, August 4, 1981.

The Tennessee Supreme Court has determined that in those cases where the applicable statute provides that the time for appeal shall not be extended, failure to initiate the appeal within the prescribed period deprives the appellate court of jurisdiction. *State v. Sims,* 626 S.W.2d 3 (Tenn. 1981); *Parham v. Beasley,* 194 Tenn. 444, 251 S.W.2d 251 (1952).

In this case, the applicable statute (T.C.A. § 4–5–322) states that the time to appeal shall not be extended because of the period allotted for petitioning the agency for a rehearing, but it does not otherwise provide that the deadline cannot be extended.

█ The appellants argue that because they were apprised of the decision of the Department of Safety through the mail they should have been allowed three extra days to file the petition as Rule 6.05 of the Tennessee Rules of Civil Procedure provides. However, we note that the three day extension is applicable only to those situations where a party "is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon him.*" Tenn. R.Civ.P. 6.05 (Emphasis supplied). The statute which imposes the sixty day limitation on the appellants in this case provides that the period runs from the date of the entry of the agency's final order. T.C.A. § 4–5–322 (1982). Notice is not mentioned in the statute. *Id.* Therefore, we believe Rule 6.05 is inapposite.

The appellants also raise the provision in Rule 6.02 of the Tennessee Rules of Civil Procedure which permits time extensions when a deadline has been missed as a result of excusable neglect. This provision applies to all deadlines created by statute or by a rule of procedure with only a few exceptions, none of which are applicable in this instance.

However, we are not persuaded that the rule cited should be applied in this case. Had the plaintiffs mailed the petition a little sooner, we might be more sympathetic to their argument that the postal service should have delivered it on time. But considering that it is common knowledge that the mail does not run on Sundays and that the package was mailed from Memphis on a Friday, we believe it was foreseeable that the package might not arrive until Tuesday.

For the foregoing reasons, the decision of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.) and LEWIS, J., concur.