**Robert Lee CHEAIRS,
Petitioner/Appellee,**

v.

**Robert LAWSON, Commissioner,
Tennessee Department of Safety,
Respondent/Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 1, 1991.

Permission to Appeal Denied by
Supreme Court Sept. 9, 1991.

Charles W. Burson, Atty. Gen. & Reporter, George H. Coffin, Jr., Asst. Atty. Gen., Nashville, for respondent-appellant.

James T. Sanderson, Bolivar, for petitioner-appellee.

OPINION

CANTRELL, Judge.

This dispositive issue before this Court is whether the provisions of Tenn.R.Civ.P. 6.05 may be used to extend the time for filing a petition to review a final order of the Tennessee Department of Safety. We conclude that such an order cannot be considered "notice or other paper" as provided for in the rule, and that the time prescribed by statute for initiating an appeal to the Chancery Court will not be extended by Rule 6.05.

The appellee, Robert Cheairs, was arrested in 1987 for possession of a controlled substance with intent to distribute. At the time of his arrest, officers seized 23.4 grams of cocaine and $6,490.00 in cash. Several days after the arrest, an additional $14,390.00 was seized from a safe deposit box as being drug related.

On May 11, 1988, a forfeiture hearing was held before the Department of Safety to determine whether the seized money represented the proceeds of drug transactions. A final order was entered on July 22, 1988 directing that the funds be forfeited. A petition for review was filed in the Davidson County Chancery Court on September 22, 1988, sixty-two days after the entry of the final order.

The judicial review of final decisions in contested cases under the Uniform Administrative Procedures Act is governed by Tenn.Code Ann. § 4–5–322. Under that provision, petitions for review must be filed in the Chancery Court within sixty days after the entry of the agency's final order. *See* Tenn.Code Ann. § 4–5–322(b)(1). Thus, the appellee's petition in this case was clearly filed two days past the statutory deadline. But the Chancellor rejected the State's position that the petition was untimely. Because it appeared that the final order of July 22, 1988 was sent to the appellee through the mail, the Chancellor concluded that three additional days must be added to the prescribed period of time. The Chancellor relied on Tenn.R.Civ.P. 6.05 which provides:

**534**

**Additional Time After Service by Mail**
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

The Chancellor then affirmed the forfeiture of the $6,490.00 seized at the time of the appellee's arrest, but reversed the forfeiture of the $14,390.00 seized from the safe deposit box because the State's proof was "weak and remote." On appeal, the State contends that the Chancellor erred in relying on Rule 6.05 to determine that the appellee's request for judicial review was timely. Because we agree with this issue, it is unnecessary for us to address the State's second contention that the agency's decision was supported by substantial and material evidence.

This issue has already been decided by this Court in the case of *Houseal v. Roberts*, 709 S.W.2d 580 (Tenn.Ct.App.1984). In *Houseal*, an appeal was taken from the Department of Safety after it had ordered the forfeiture of certain monies as being drug related. The petition for review was filed in the Chancery Court sixty-one days after entry of the agency's final order, and the appellants argued that Rule 6.05 extended the time for filing by three days because the final order was received through the mail. We rejected that argument and concluded that:

> The statute which imposes the sixty day limitation on the appellants in this case provides that the period runs from the date of the entry of the agency's final order. T.C.A. § 4–5–322 (1982). Notice is not mentioned in the statute. *Id.* Therefore, we believe Rule 6.05 is inapposite.

*Id.* at 581.

We still believe that Rule 6.05 is inapposite, and we now reaffirm our holding in *Houseal.* The judgment of the Court below is reversed and judgment will be entered here reinstating the decision of the administrative agency. The cause is remanded to the Davidson County Chancery Court. Tax the costs of appeal to the appellee.

LEWIS and KOCH, JJ., concur.