# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

FRANKLIN SHANE HALSTEAD,⁣    )
    )
    Plaintiff/Appellant,    )
    )
    )
    )
VS.    )
    ) Davidson Circuit
    ) No. 94C-1781
    )
NILES-BOLTON ASSOCIATES;    )
DEREK BARTON COMPANY, INC.;    ) Appeal No.
DEREK BARTON COMPANY, INC.,    ) 01-A-01-9503-CV-00113
d/b/a DEREK BARTON TENNIS COURTS;    )
and DEREK BARTON TENNIS COURTS,    )
    )
    Defendants/Appellees.    )

**FILED**

**February 9, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

For Franklin Shane Halstead:

Daniel L. Clayton
Kinnard & Clayton
Nashville, Tennessee

For Niles-Bolton Associates:

Jefferson C. Orr
Manier, Herod, Hollabaugh & Smith
Nashville, Tennessee

For Derrick Barton Company, Inc.:

Raymond D. Lackey
Smith, Lackey, McHale & Whaley
Brentwood, Tennessee

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a personal injury action in which the plaintiff sought to file a separate suit against previously unknown defendants in accordance with Tenn. Code Ann. § 20-1-119 (1994). The Fifth Circuit Court for Davidson County granted the new defendants' motions for summary judgment on the ground that the complaint was filed one day late. The plaintiff asserts on this appeal that the trial court erred by failing to extend the time for filing his amended complaint by three days in accordance with Tenn. R. Civ. P. 6.05. We have determined that Tenn. R. Civ. P. 6.05 does not extend the deadline for taking the actions required by Tenn. Code Ann. § 20-1-119 and, therefore, affirm the trial court.

## I.

Franklin Shane Halstead worked as a maintenance supervisor at the Arbor Creek Apartments in Nashville. While inspecting the premises on September 18, 1992, he discovered that one of the lights illuminating the tennis courts had burned out. He was in the process of replacing the bulb when the top arm of the light pole swiveled suddenly causing the ladder on which he was standing to slip away from the light pole. Mr. Halstead fell from the ladder and was injured.

On September 17, 1993, Mr. Halstead and his wife sued the general contractor who built the apartment complex and several other construction companies. The general contractor filed an answer on March 8, 1994, asserting that Mr. Halstead's injuries were proximately caused by the negligence of other parties, including Laing Properties, Inc. and Laing Arbors, Inc., the owner and on-site manager of the apartment complex, Niles-Bolton Associates, Inc. ("Niles-Bolton"), the architectural firm that designed the tennis courts, and Derek Barton Company ("Derek Barton"), the company responsible for constructing the tennis courts. Mr. Halstead and his wife filed a separate action against these parties on June 7, 1994, in accordance with Tenn. Code Ann. § 20-1-119.

The newly named defendants moved for summary judgment. Niles-Bolton and Derek Barton asserted that the Halsteads' claims against them were not filed within the time required by Tenn. Code Ann. § 20-1-119.[1] The trial court granted these motions after determining that the Halsteads filed their complaint one day late. On this appeal, Mr. Halstead takes issue with the summary dismissal of his claims against the architect and the tennis court contractor.[2]

## II.

The statute of limitations for personal injury actions is normally one year. *See* Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1995). In 1993, however, the General Assembly enacted Tenn. Code Ann. § 20-1-119,[3] in part to counteract the erosion of the joint and several liability doctrine that accompanied the Tennessee Supreme Court's adoption of modified comparative fault.[4] Tenn. Code Ann. § 20-1-119 extends the applicable statute of limitations in comparative fault cases when an original defendant alleges that "a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery."

Tenn. Code Ann. § 20-1-119(a) permits a plaintiff to amend its complaint or to file a separate complaint against a previously unnamed party "within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault." The first answer alleging the possible fault of persons other than the original defendants was filed by Nashville Mid-South Contractors on March 8, 1994. Thus, Tenn. Code Ann. § 20-1-119(a) required the Halsteads either to amend their complaint or to file a separate complaint on or before June 6, 1994. The Halsteads' second complaint was not filed until June 7, 1994 and was,

---

[1]Laing Properties's motion was based on the fact that it had settled the Halsteads' claims.

[2]Ms. Halstead has elected not to pursue any of her claims, and Mr. Halstead has not appealed from the dismissal of his claims against the owner and resident manager of the apartments.

[3]Act of May 13, 1993, ch. 407, 1993 Tenn. Pub. Acts 699.

[4]*McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992).

therefore, untimely unless some other statute or rule extended the ninety-day period.

Mr. Halstead asserts that Tenn. R. Civ. P. 6.05 requires that the ninety-day period be extended by three days because he received Nashville Mid-South's answer by mail. Tenn. R. Civ. P. 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

If the extra three days for service by mail applies to complaints filed in accordance with Tenn. Code Ann. § 20-1-119, then Mr. Halstead's second complaint would be timely.

Tenn. R. Civ. P. 6.05 applies only in circumstances where a party "is required to do some act . . . within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail." By its own terms, it does not apply in circumstances where a party is required to take some act within a prescribed period after the filing of a paper. Accordingly, Mr. Halstead can find no solace in Tenn. R. Civ. P. 6.05.

Our view of the relationship between Tenn. R. Civ. P. 6.05 and Tenn. Code Ann. § 20-1-119(a) is consistent with other precedents construing Tenn. R. Civ. P. 6.05. We have held that the rule does not extend the period for perfecting administrative appeals which must be filed within sixty (60) days after the entry of the agency's final order. *Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App. 1984). Likewise, it does not apply when the required action must be taken within thirty days of the date of a notice. *Copeland v. Bick*, App. No. 01-A-01-9503-CV-00114, slip op. at 3-4, 20 T.A.M. 39-27 (Tenn. Ct. App. Sept. 1, 1995) (No Tenn. R. App. P. 11 application filed). Our interpretation is also consistent with the federal courts' interpretation of an analogous federal rule. *See, e.g., Pizzichil v.*

*Motors Ins. Corp.*, 90 F.R.D. 119, 121 (E.D. Pa. 1981) ("[W]here a statute provides that the time for taking action begins to run as of the date of the *filing* of an order, the fact that notice of filing was given by mail does not entitle the party to the three-day extension provided by [Fed. R. Civ. P.] 6(e).")

### III.

Sensing the precariousness of his position, Mr. Halstead also asserts that he is entitled to relief under Tenn. R. Civ. P. 6.02 if his complaint is held to be untimely. Tenn. R. Civ. P. 6.02 empowers the trial court to extend the time for taking an action "where the failure to act was the result of excusable neglect." Mr. Halstead cites no authority for his assertion that the trial judge erred in refusing to grant him an enlargement of time under Tenn. R. Civ. P. 6.02, and we find no reason to so hold.

Decisions to grant relief under Tenn. R. Civ. P. 6.02 are discretionary with the trial court. *See Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994). We do not think the trial court abused its discretion by failing to extend the time period for action under Tenn. Code Ann. § 20-1-119 under the facts of this case. Although Mr. Halstead's counsel may have genuinely misinterpreted the application of Tenn. R. Civ. P. 6.05, we do not think such a mistake of law provides a basis for extending the statute of limitations in comparative fault cases.

### IV.

We affirm the order granting the summary judgment and dismissing Mr. Halstead's claims against Niles-Bolton Associates, Derek Barton Company, Inc., Derek Barton Company, Inc. d/b/a Derek Barton Tennis Courts, and Derek Barton Tennis Courts with prejudice. We remand the case to the trial court for whatever further proceedings may be required, and we also tax the costs of this appeal to Franklin Shane Halstead and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:


_____
HENRY F. TODD, P.J., M.S.


_____
BEN H. CANTRELL, JUDGE