# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
June 1998 Session

## DEWEY SCOTT FRAZIER v. CANDACE WHISMAN

**Appeal from the Chancery Court for Davidson County**
**No. 97-483-II      Carol L. McCoy, Chancellor**

---

**No. M1997-00225-COA-R3-CV - Filed July 19, 2000**

---

This appeal arises from the efforts of an inmate of the Tennessee Department of Correction to have his sentence recalculated. The prisoner initially wrote to an employee of the department requesting the recalculation. Ten months after receiving the department's letter denying his request, the prisoner filed a petition for a declaratory judgment in the Chancery Court for Davidson County. The trial court dismissed the petition, and the prisoner appeals. We affirm the trial court because the prisoner did not file his petition within sixty days of the department's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which HENRY F. TODD, P.J., M.S., and WILLIAM B. CAIN, J., joined.

Dewey Scott Frazier, Mountain City, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, and John R. Miles, Nashville, Tennessee, for the appellee, Candace Whisman.

## MEMORANDUM OPINION[1]

In 1976 a jury in the Criminal Court for Sullivan County found Dewey Scott Frazier guilty of bank robbery, using a firearm in the commission of a felony, and assault and battery and sentenced him to life imprisonment as an habitual criminal. The Tennessee Court of Criminal Appeals affirmed his conviction, *see Frazier v. State*, 566 S.W.2d 545 (Tenn. Crim. App. 1977), and the Tennessee Supreme Court declined to entertain his appeal. He was later convicted of escape by

---

[1]Tenn. Ct. App. R. 10(b) provides:

> The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

a jury in the Criminal Court for Davidson County and was sentenced to serve an additional three years to be served consecutively with his other sentences. *See State v. Frazier*, No. 86-206-III, 1987 WL 16387, at *1 (Sept. 2, 1987), *perm. app. denied* (Tenn. Nov. 30, 1987). He is currently incarcerated in the Northeast Correctional Center at Mountain City.

On August 23, 1995, Mr. Frazier wrote to Candace Whisman, an employee of the Tennessee Department of Correction's Sentence Information Services ("Sentence Information Services"), requesting a recalculation of his sentence that would result in an earlier release eligibility date. On September 1, 1995, Sentence Information Services sent a memorandum to Mr. Frazier stating that it did not respond to individual inmate inquiries. Subsequently, Steven Grindstaff, another department employee, sent Mr. Frazier a letter dated April 18, 1996, stating that Mr. Frazier's sentence had been correctly calculated and specifically refuting Mr. Frazier's arguments to the contrary.

On February 10, 1997, Mr. Frazier filed a petition in the Chancery Court for Davidson County seeking a declaratory judgment concerning the calculation of his sentence. The State moved to dismiss Mr. Frazier's petition on the grounds that he failed to exhaust his administrative remedies by seeking a declaratory order from the Tennessee Department of Correction ("TDOC") before petitioning the trial court for a declaratory judgment.[2] The trial court granted the motion on November 3, 1997. Later on the same day, the trial court received Mr. Frazier's response to the State's motion. Mr. Frazier asserted that his August 23, 1995 letter to Ms. Whisman constituted a petition for a declaratory order from the TDOC.

The trial court construed Mr. Frazier's response as a Tenn. R. Civ. P. 60.02 motion for relief from its November 3, 1997 order. Thereupon, the trial court vacated its November 3, 1997 order because "an issue of fact [exists] as to whether or not Petitioner filed the petition with the TDOC and therefore Respondent is not entitled to a dismissal on the grounds of Petitioner's failure to exhaust his administrative remedies." Nevertheless, the trial court dismissed Mr. Frazier's petition on the alternative ground of Mr. Frazier's failure to file his petition for a declaratory judgment within sixty days of the agency's final decision. Mr. Frazier appeals the dismissal.

**I.**

The determinative issue in this case is the timeliness of Mr. Frazier's petition for a declaratory judgment. Affected persons may petition an agency for a declaratory order on the validity or applicability of a statute, rule, or order within the primary jurisdiction of the agency. *See* Tenn. Code Ann. § 4-5-223(a)(1998). When the agency receives the petition, it may (1) "[c]onvene

---

[2]In support of its motion the State submitted an affidavit of Wilmer G. Lutche, a TDOC legal assistant responsible for maintaining records relating to declaratory order requests. In the affidavit, Mr. Lutche stated that his search of the TDOC index of inmate requests for declaratory orders revealed no such request from Mr. Frazier.

a contested case hearing . . . and issue a declaratory order," Tenn. Code Ann. § 4-5-223(a)(1), or (2) "[r]efuse to issue a declaratory order."[3] Tenn. Code Ann. § 4-5-223(a)(2).

If the agency chooses the latter option, petitioners may seek a declaratory judgment from the Chancery Court for Davidson County. *See* Tenn. Code Ann. §§ 4-5-223(a)(2), -225(a) (1998). Unfortunately, unlike with petitions for judicial review, the Uniform Administrative Procedures Act is silent on the time period within which petitions for declaratory judgment must be filed.[4]

If the agency follows the former course of action, the declaratory order is subject to review as a contested case in the Chancery Court for Davidson County, *see* Tenn. Code Ann. § 4-5-223(a)(1), but the chancery court has no jurisdiction to hear a petition for review not filed within sixty days from the agency's final decision. *See* Tenn. Code Ann. § 4-5-322(b)(1); *Rienholtz v. Bradley*, No. 01A01-9409-CH-00433, 1995 WL 33736, at *2 (Tenn. Ct. App. Jan. 27, 1995) (No Tenn. R. App. P. 11 application filed); *Bishop v. Tennessee Dep't of Correction*, 896 S.W.2d 557, 558 (Tenn. Ct. App. 1994). The time for filing the petition runs from the date of entry of the agency's final order, rather than from the petitioner's receipt of the order. *See Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); *Houseal v. Roberts*, 709 S.W.2d at 581.

For the purposes of determining whether the sixty day period applies to a petition for review of an agency's decision, this court recently held that convening "a contested case hearing and issu[ing] a declaratory order" pursuant to Tenn. Code Ann. § 4-5-223(a)(1) includes sending a letter to the petitioner responding substantively to the merits of the petition. *See Copeland v. Bradley*, No. 01A01-9409-CH-00435, 1995 WL 70602, at * 2 (Tenn. Ct. App. Feb. 22, 1995) (No Tenn. R. App. P. 11 application filed); *Rienholtz v. Bradley*, 1995 WL 33736, at *3. Thus, a petition for review of an agency decision rendered through such a letter must be filed within sixty days from the date of the letter. Conversely, a letter informing the petitioner that the agency will not consider the petition on its merits is not a contested case hearing, and failure to file a petition for a declaratory judgment with the trial court within sixty days is not fatal to the petition. *See Rienholtz v. Bradley*, 1995 WL 33736, at *4.

---

[3] An agency's refusal to issue a declaratory order includes failure to set a contested case hearing within sixty days after the agency receives a petition for a declaratory order. *See* Tenn. Code Ann. § 4-5-223(c); *Davis v. Sundquist*, 947 S.W.2d 155, 156 (Tenn. Ct. App. 1997).

[4] Pursuant to Tenn. Code Ann § 4-5-322(b)(1)(1998), courts are without jurisdiction to hear petitions for judicial review not filed within sixty days after the agency enters its final order. *See Schering-Plough Healthcare Prods., Inc. v. State Bd. of Equalization*, 999 S.W.2d 773, 776 (Tenn. 1999); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App. 1984). However, Tenn. Code Ann § 4-5-322(b)(1) does not apply to a declaratory judgment petition where the agency has refused to convene a contested case hearing and issue a declaratory order. *See Rienholtz v. Bradley*, 945 S.W.2d 727, 729 (Tenn. Ct. App. 1996).

-3-

On August 23, 1995, Mr. Frazier wrote to the TDOC requesting a recalculation of his sentence.[5] The TDOC responded in a letter dated April 18, 1996 that specifically addresses Mr. Frazier's arguments concerning the calculation of his sentence, and concludes that they are without merit. For the purposes of determining whether Mr. Frazier timely filed his petition for a declaratory judgment, this letter constituted convening a contested case hearing and issuing a declaratory order. Accordingly, Mr. Frazier had a window of sixty days within which to file his petition in the trial court. He missed this deadline by filing his declaratory judgment petition on February 10, 1997, ten months after the agency entered its final order. Therefore, the trial court correctly dismissed Mr. Frazier's petition on jurisdictional grounds.

## II.

We affirm the dismissal of Mr. Frazier's petition for a declaratory judgment, and remand the case to the trial court for whatever further proceedings may be required. We also tax the costs of this appeal to Dewey Scott Frazier for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

---

[5]We assume without deciding that this letter constituted a petition for a declaratory order. However, the State contends that, by writing to Ms. Whisman, Mr. Frazier did not follow the appropriate channels for filing a petition for a declaratory order. If so, Mr. Frazier failed to exhaust his administrative remedies in any event.