IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 14, 2015

## BARBARA MCGINNIS v. STATE OF TENNESSEE

**Interlocutory Appeal from the Tennessee Claims Commission Court for the
Western Division
No. 20131446     Commissioner Nancy Miller-Herron, Judge**

---

### No. W2014-02272-COA-R9-CV – Filed April 30, 2015

---

This is an interlocutory appeal of the Tennessee Claims Commission's denial of
Appellant State of Tennessee's motion to dismiss the Appellees' appeal of the denial of
her tort claim by the Division of Claims Administration.  Appellee filed her notice of
appeal with the Commission 91 days after notice of the denial of her claim.  Although
Tennessee Code Annotated Section 9-8-402(c) allows only 90 days for a party to appeal
the denial of his or her claim, the Commission applied Tennessee Rule of Civil Procedure
6.05 to enlarge the time by three days and, thus, held that Appellees' notice of appeal was
timely.  We conclude that Tennessee Rule of Civil Procedure 6.05 is inapplicable to this
case.  Accordingly, we hold that Appellees' appeal was not timely filed so as to confer
jurisdiction over her claim to the Commission.  Because the Commission lacked
jurisdiction, the State was entitled to dismissal of the appeal.  Reversed and remanded
with instructions.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Claims Commission
Court is Reversed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN,
J., joined. J. STEVEN STAFFORD, P.J., W.S., filed a dissenting opinion.

Michael Don Harrell, Memphis, Tennessee, for the appellant, Barbara McGinnis.

Herbert H. Slattery, III, Attorney General and Reporter, Andree S. Blumstein, Solicitor
General, and Rebecca Lyford, Senior Counsel, Nashville, Tennessee, for the appellee,
State of Tennessee.

### OPINION
### I.  Background

On May 7, 2013, Appellee Barbara McGinnis filed a claim with the Division of Claims Administration ("Division") for the State of Tennessee ("State," or "Appellant"). Therein, Ms. McGinnis averred that, on or about March 21, 2013, she was injured at a Tennessee Driver Testing Center in Memphis. Ms. McGinnis claimed that the chair she was sitting in collapsed from underneath her. According to her claim, Ms. McGinnis "hit the floor hard," and her "right leg bent backward to the side and [her] right knee hit the floor." Ms. McGinnis further averred that the offending chair "was clearly old, worn and missing the stability brackets from the bottom of the chair." Ms. McGinnis asked for $100,000 in damages.

By letter of July 10, 2013, the Division denied Ms. McGinnis' claim and informed her of her right to appeal the Division's decision to the Tennessee Claims Commission Court (the "Commission") within 90 days. Ms. McGinnis subsequently filed a notice of appeal with the Commission. The notice of appeal is signed and dated October 7, 2013. The notice is stamped "Received" by the Division on October 9, 2013 and is stamped "Filed" by the Tennessee Claims Commission Clerk's Office on October 9, 2013.

On May 2, 2014, the State filed a motion to dismiss Ms. McGinnis' appeal. As grounds, the State averred that Ms. McGinnis did not file her notice of appeal within 90 days of the Division's denial of her claim as required under Tennessee Code Annotated Section 9-8-402(c). On September 2, 2014, the Commission denied the State's motion to dismiss, finding the mailbox rule contained in Tennessee Rule of Civil Procedure 6.05 extended the 90 day deadline by three days because Ms. McGinnis mailed her notice of appeal.

On October 1, 2014, the State filed a motion for interlocutory appeal under Tennessee Rule of Appellate Procedure 9. The Commission granted the motion, and this Court granted the State's application by order of December 19, 2014.

## II. Issue

The sole issue for review is whether the Commission erred in ruling that the three-day mailbox rule contained in Tennessee Rule of Civil Procedure 6.05 extends the 90-day time to file a notice of appeal of the Division's denial of Ms. McGinnis' claim.

## III. Analysis

Tennessee Code Annotated Section 9-8-402(c) governs appeals from the Division to the Commission and states, in relevant part:

If the claim is denied, the division shall so notify the claimant and inform the claimant of the reasons therefor and of the claimant's right to **file** a claim with the claims **commission within ninety (90) days of the date of the denial notice**.

(Emphases added). Tennessee Claim Commission Rule 0310-1-1-.01(2) addresses the commencement of claims in the Commission and states, in relevant part, that "Claims before the Commission are commenced in the manner described in T.C.A. §§9-8-301 et seq. and 401 et seq. especially 402." Rule 0310-1-1-.01(2)(c) specifically addresses claims "FROM THE DIVISION OF CLAIMS ADMINISTRATION TO THE CLAIMS COMMISSION" and provides that:

A claim proceeds from the Division of Claims Administration to the Claims Commission after the time periods set out in T.C.A. §9-8-402(c) by either transfer from the Division of Claims Administration (no action required by claimant) or by filing with the Claims Commission (claimant is required to act) within the time limit set out in T.C.A. §9-8-402(c).

We interpret the foregoing rule to require a party, who wishes to file an appeal from an adverse Division decision to the Commission, to comply with the 90-day time period outlined in Tennessee Code Annotated Section 9-8-402(c) in order to confer jurisdiction on the Commission to hear the claim. The question, here, is whether Tennessee Rule of Civil Procedure 6.05 extends this 90-day period for filing by three days if the Division's notice of denial of the party's claim is sent by mail.

Tennessee Claim Commission Rule 0310-1-1-.01 states, in pertinent part "that Proceedings before the Tennessee Claims Commission shall be conducted pursuant to the Tennessee Rules of Civil Procedure (TRCP)." *See also* Tenn. Code Ann. § 9-8-403(a)(1). Tennessee Rule of Civil Procedure 6.05 provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period **after the service of a notice** or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

(Emphasis added). By its clear language, Rule 6.05 is applicable only in those situations where a party is required to do some act or take some proceedings within a prescribed period of time after the **service** of a notice upon the party. However, if the act is predicated on some other event, like the entry of a final judgment or order, then the rule does not apply. *Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App.1984) ("Tenn. R. Civ. P. 6.05

applies only in circumstances where a party 'is required to do some act . . . within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail.' By its own terms, it does not apply in circumstances where a party is required to take some act within a prescribed period after the filing of a paper."). As set out in Tennessee Code Annotated Section 9-8-402(c), *supra*, Ms. McGinnis was required to **file** her notice of appeal of the denial of her claim within 90 days after the **date of notice** of denial as opposed to after the **service** of that notice. Here, the Division's notice of denial is dated July 10, 2013; 90 days from July 10, 2013 would be October 8, 2013. Ms. McGinnis' notice of appeal was **filed** on October 9, 2013, which was 91 days after the notice of denial.

In *Halstead v. Niles-Bolton Assoc.*, No. 01-A-01-9503-CV-0013, 1996 WL 50861 (Tenn. Ct. App. Feb. 9, 1996), we addressed the issue of whether plaintiff's complaint, filed pursuant to Tennessee Code Annotated Section 20-1-119, was timely. The statute at issue in *Halstead* allows a plaintiff to file a separate complaint against a previously unnamed party "within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault." In *Halstead*, the original defendant filed his answer on March 8, 1994. The plaintiff's separate action was then filed on June 7, 1994, which was 91 days after the defendant's answer. The plaintiff argued that the three-day mailbox rule contained in Tennessee Rule of Civil Procedure 6.05 applied because he had received the original defendant's answer by mail. This Court held that Rule 6.05 was inapplicable because the rule, "[b]y its own terms . . . does not apply in circumstances where a party is required to take some action within a prescribed period after the filing of a paper." *Halstead*, 1996 WL 50861, at *2. We further observed that our holding was consistent with previous constructions of Rule 6.05. *Id*. (citing *Cheairs*, 815 S.W.2d at 534 (holding that Rule 6.05 does not extend the period for perfecting administrative appeals, which must be filed within 60 days of the agency's final order); *Copeland v. Bick*, No. 01-A-01-9503-CV-00114, 1995 WL 517493, at *2 (Tenn. Ct. App. Sept. 1, 1995) (holding that Rule 6.05 does not apply when required action must be taken within 30 days of the date of notice)). In *Copeland*, the court held that Rule 6.05 applies when the statute proscribes a time period for acting "without reference to notice or service." *Id.* at *1.[1] Although Tennessee Code Annotated Section 9-8-402(c) contains the word "notice," when read in full context, the time for appeal runs from the date of the notice of denial of a party's claim, not from the date the party receives or is served with that notice. Accordingly, the mere inclusion or reference to the word "notice" in the statute does not trigger application of Rule 6.05 unless the statutory time begins to run from the service of that notice on a party, i.e., Rule 6.05 expands a statutory time period only in those cases

---

[1] In full context, the *Copeland* Court stated: "The rule [6.05] applies only in situations where action must be taken within a prescribed period **after service of the notice** or other paper. Where action is required by a certain time without reference to notice or service, Rule 6.05 does not affect the time within which the action must be taken."

where that time period is triggered by "**the service of a notice**," as opposed to the mere existence of a notice.

The foregoing cases support the conclusion that Rule 6.05 is inapplicable and that Ms. McGinnis' notice of appeal was untimely. Tennessee Code Annotated Section 9-8-402(c) requires the appeal to be filed within "ninety (90) days of the date of the denial notice," i.e., July 10, 2013. Here, Ms. McGinnis filed her notice of appeal on the 91st day, i.e., October 9, 2013. Because Ms. McGinnis' notice of appeal was not timely, the Commission did not gain jurisdiction over Ms. McGinnis' claim. Accordingly, we conclude that the Commission erred in not granting the State's motion to dismiss.

## IV. Conclusion

For the foregoing reasons, we reverse the order of the Commission and remand for entry of an order dismissing Appellees' appeal and for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellee, Barbara McGinnis, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE

5