FILED
07/02/2025
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 23, 2025 Session

## WILLIAM FERGUSON v. STATE OF TENNESSEE

**Appeal from the Tennessee Claims Commission for the
Western Division
No. 0546-AL-24-0300882-002     James A. Hamilton, III, Commissioner**

_____

**No. W2024-00831-COA-R3-CV**

_____

Following an automobile accident allegedly involving a State of Tennessee employee, claimant sought damages against the State based on alleged injuries arising from the accident.  The Division of Claims and Risk Management denied the claim, and claimant appealed to the Claims Commission.  Because claimant's appeal was not filed within the ninety-day statutory time limit, the Claims Commission dismissed it.  Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Claims Commission
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and VALERIE L. SMITH, J., joined.

Krista Holder-Williams, Memphis, Tennessee, for the appellant, William Ferguson.

Jonathan Skrmetti, Attorney General and Reporter, and Lily-Ana Fairweather, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Background

On July 30, 2023, Appellant William Ferguson was involved in an automobile accident near the University of Memphis.  Mr. Ferguson alleged that a University of Memphis police officer drove through a red light, striking the vehicle that Mr. Ferguson was driving.[1]

_____

[1] Mr. Ferguson did not own the vehicle.

On August 6, 2023, Mr. Ferguson filed a claim with the Tennessee Division of Claims and Risk Management ("DCRM"), seeking damages for the personal injuries he allegedly sustained in the automobile accident. On November 2, 2023, the DCRM denied the claim. On January 31, 2024, Mr. Ferguson's attorney mailed a notice of appeal to the Tennessee Claims Commission ("Claims Commission"). On February 5, 2024, the notice of appeal was filed with the Claims Commission.[2]

On April 4, 2024, Appellee State of Tennessee ("State") moved to dismiss the claim. The State argued that the Claims Commission lacked jurisdiction to hear the appeal because the notice of appeal had not been filed within the requisite 90-day period set out in Tennessee Code Annotated section 9-8-402(c), discussed further *infra*.

By order of May 8, 2024, the Claims Commission granted the State's motion and dismissed the appeal. Specifically, the Claims Commission held that: (1) the DCRM's denial notice was dated November 2, 2023; (2) 90 days from November 2, 2023, was January 31, 2024; and (3) the notice of appeal was not filed with the Claims Commission until February 5, 2024. Accordingly, the Claims Commission found that the appeal was untimely and that it did not have jurisdiction to consider it. Mr. Ferguson filed a timely notice of appeal to this Court.

## II. Issue

The sole issue on appeal is whether the Claims Commission erred in dismissing Mr. Ferguson's appeal as untimely.

## III. Standard of Review

"Appeals from the [Claims] Commission are governed by the Tennessee Rules of Appellate Procedure." *Howard v. State*, No. M2020-00735-COA-R3-CV, 2021 WL 3777660, at *2 (Tenn. Ct. App. Aug. 26, 2021) (citing *Bowman v. State*, 206 S.W.3d 467, 472 (Tenn. Ct. App. 2006)); *see also* Tenn. Code Ann. § 9-8-403(a)(1) ("The decisions of the individual commissioners or, when rendered, decisions of the entire commission regarding claims on the regular docket may be appealed to the Tennessee court of appeals pursuant to the same rules of appellate procedure which govern interlocutory appeals and appeals from final judgments in trial court civil actions[.]").

This case was decided on grant of the State's motion to dismiss. The resolution of a Tennessee Rule of Civil Procedure 12.02 motion to dismiss is determined by an examination of the pleadings alone. *Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all

---

[2] On April 11, 2024, Mr. Ferguson filed a formal complaint with the Claims Commission.

of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc*., 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co*., 172 S.W.3d 512, 516 (Tenn. 2005)). In considering a motion to dismiss, courts "must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences." *Tigg v. Pirelli Tire Corp*., 232 S.W.3d 28, 31-32 (Tenn. 2007) (citing *Trau-Med of Am., Inc.*, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *Crews v. Buckman Labs Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002); *see also Lanier v. Rains*, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint *de novo* with no presumption that the trial court's decision was correct. *Webb v. Nashville Area Habitat for Humanity, Inc*., 346 S.W.3d 422, 426 (Tenn. 2011).

As noted above, the sole issue in this appeal is whether the Claims Commission erred in dismissing Mr. Ferguson's appeal. Resolution of this issue requires statutory interpretation and review of the Tennessee Rules of Civil Procedure, both of which present questions of law that we review *de novo* with no deference to the Claims Commission's decision. *Kampmeyer v. State*, 639 S.W.3d 21, 23 (Tenn. 2022) (citing *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015)) (statutory interpretation); *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004) (rules of civil procedure).

## IV. Analysis

As a sovereign, the State of Tennessee is immune from all lawsuits except those for which it consents to be sued. *Mosley v. State*, 475 S.W.3d 767, 771 (Tenn. Ct. App. 2015) (quoting *Brewington v. Brewington*, 387 S.W.2d 777, 779 (Tenn. 1965)); Tenn. Const. art. I, § 17 ("Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct."); Tenn. Code Ann. § 20-13-102(a) ("No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state . . . ."). In 1984, the Tennessee Legislature enacted a comprehensive statutory scheme detailing the procedure for the filing, prosecution, and disposition of monetary claims against the State. *Mullins v. State*, 320 S.W.3d 273, 278-79 (Tenn. 2010). Within this statutory framework, the Claims Commission was created to hear and determine certain claims against the State. *Id.* at 279; *see also* Tenn. Code Ann. § 9-8-301(a) ("There is hereby created an administrative tribunal consisting of three (3) members, one (1) from each grand division, known as the 'Tennessee claims commission.'"). The Claims Commission "is authorized to promulgate rules and regulations . . . in order for it to fulfill its duties in an orderly and efficient manner." Tenn. Code Ann. § 9-8-306.

The Tennessee Claims Commission Rules ("Commission Rules") provide that "[c]laims before the Commission are commenced in the manner described in T.C.A. §§ 9-

8-301 et seq. and 401 et seq. especially 402." Tenn. Comp. R. & Regs. 0310-01-01-.01(2). This appeal concerns the required procedure following the DCRM's denial of a claim against the State. *See* Tenn. Code Ann. § 9-8-402(a)(1) ("The claimant must give written notice of the claimant's claim to the [DCRM] as a condition precedent to recovery[.]"). Concerning this procedure, Tennessee Code Annotated section 9-8-402(c) provides that, if a claim is denied, the DCRM "shall so notify the claimant and inform the claimant of the reasons therefor and of the claimant's right ***to file a claim*** with the [C]laims [C]ommission ***within ninety (90) days of the date of the denial notice*.*" Tenn. Code Ann. § 9-8-402(c) (emphases added). Likewise, the Commission Rules provide that "[a] claim proceeds from the [DCRM] to the Claims Commission after the time periods set out in T.C.A. § 9-8-402(c) by either transfer from the [DCRM] ***or by filing with the Claims Commission (claimant is required to act) within the time limit set out in T.C.A. § 9-8-402(c)*.*" Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(c) (emphasis added). This Court has previously held that a claimant's failure to file a claim, *i.e.,* notice of appeal, with the Claims Commission within the ninety days set out in section 9-8-402(c) is fatal to a claimant's case. *See* ***Howard***, 2021 WL 3777660, at *5.

Here, although Mr. Ferguson's attorney mailed his notice of appeal on January 31, 2024, it was not *filed* with the Claims Commission until February 5, 2024, three days outside of the 90-day window mandated by section 9-8-402(c). Nevertheless, Mr. Ferguson argues that his appeal was timely because: (1) it was filed within 90 days of the date Mr. Ferguson *received* the notice of denial; (2) Mr. Ferguson's notice of appeal was *postmarked* on January 31, 2024, which constituted a timely filing of the notice, regardless of when the clerk's office stamped the document as received; and (3) because Mr. Ferguson received the notice via mail, he was granted *an additional three days* to file the appeal.

Two Tennessee Worker's Compensation cases guide our analysis as to two of Mr. Ferguson's arguments.[3] We first turn to Mr. Ferguson's argument that the notice of appeal

---

[3] The two cited cases were decided by the Supreme Court of Tennessee, Special Workers' Compensation Appeals Panel. Although the top of both opinions read "THIS OPINION IS DESIGNATED AS NOT FOR PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY TENN. S.CT. RULE 4," on review of Tennessee Supreme Court Rule 4, we conclude that both opinions may be considered persuasive authority. Tennessee Supreme Court Rule 4(A)(3) provides that "[o]pinions of the Special Workers' Compensation Appeals Panels shall not be published unless publication is ordered by a majority of the Supreme Court." Tenn. Sup. Ct. R. 4(A)(3). However, unpublished opinions of the Special Workers' Compensation Appeals Panel shall be considered persuasive authority unless designated "Not for Citation," "Denied, Concurring in Results Only," or "Denied, Not for Publication." Tenn. Sup. Ct. R. 4(G)(1). Neither of the cases we cite as persuasive authority contain such designation. On review of other appellate opinions, it appears that our conclusion that unpublished opinions of the Special Workers' Compensation Appeals Panel may be considered persuasive authority is not singular. *See* ***Gamble v. Gamble***, No. W2024-01001-COA-R3-CV, 2025 WL 1410215, at *3 (Tenn. Ct. App. May 15, 2025) (citing ***Lyles v. Titlemax of Tenn. Inc.***, No. W2017-00873-SC-WCM-WC, 2018 WL 4440609, at *2 (Tenn. Workers Comp. Panel Sept. 14, 2018)); ***Torrence v. Higgins Fam. Ltd. P'ship***, No. E2005-01549-COA-R3-CV, 2006 WL 1132080, at *7 (Tenn. Ct. App. Apr. 28, 2006) (citing ***Hughes v. Memphis Light, Gas & Water***, No.

- 4 -

was filed within 90 days of the date Mr. Ferguson *received* the notice of denial. Specifically, Mr. Ferguson alleges that his attorney did not receive the notice of denial until November 6, 2023. Using this date, the filing of the notice of appeal on February 5, 2024, would have been timely. Mr. Ferguson cites **Hearon v. State**, No. E2022-00044-SC-R3-WC, 2023 WL 327876 (Tenn. Workers Comp. Panel Jan. 19, 2023) to support his argument. As a worker's compensation case, the statute at issue in **Hearon** was Tennessee Code Annotated section 9-8-402(d)(1), which provides, in pertinent part:

> (d)(1) Notwithstanding subsection (c) or any other law to the contrary, if the division denies the compensability of a workers' compensation claim, *the division shall so notify the claimant and inform the claimant of the reasons for the denial*, *and of the claimant's right to request an alternative dispute resolution*, pursuant to § 50-6-236, *within ninety (90) days from the date of the denial notice*. . . .

Tenn. Code Ann. § 9-8-402(d)(1) (emphases added). This language mirrors the language in the statute at issue in the case *sub judice*: "If the claim is denied, the division shall so notify the claimant and inform the claimant of the reasons therefor and of the claimant's right to file a claim with the [C]laims [C]ommission within ninety (90) days of the date of the denial notice." Tenn. Code Ann. § 9-8-402(c). Mr. Ferguson focuses on one sentence in the Court's opinion: "In the event the workers' compensation claim is denied, the employee must request a benefit review conference (alternative dispute resolution) within ninety days *of receiving notice of the denial*." **Hearon**, 2023 WL 327876, at *2 (citing Tenn. Code Ann. § 9-8-402(d)(1)) (footnote omitted) (emphasis added). Mr. Ferguson relies on this sentence to argue that the 90 days for filing his notice of appeal began to run when he *received* the notice of denial. If we were to read only the foregoing sentence, we might agree with Mr. Ferguson. However, on review of the entire opinion, it appears that the cited sentence was merely a misstatement by the Court. Indeed, the Court framed the appellant's issue as whether it was error for the Claims Commissioner to grant the appellee's motion for summary judgment based on the appellant's "failure to request benefit review . . . pursuant to Tennessee Code Annotated section 9-8-402(d)(1) within ninety days of the DCRM's *denial* of his claim." **Id.** at *2 (emphasis added). Later, the

---

W2000-01056-WC-R3-CV, 2001 WL 468581, at *1 (Tenn. Workers Comp. Panel May 3, 2001)); **Mitchell v. Ensor**, No. W2001-01683-COA-R3-CV, 2002 WL 31730908, at *11 (Tenn. Ct. App. Nov. 18, 2002) (citing **Kayser-Roth Hosiery, Inc. v. Johnson,** No. 03S01-9212-CH-00109, 1994 WL 901454, at *1 (Tenn. Sp. Workers Comp. Apr. 5, 1994); **Breeden v. Universal Bedroom Furniture, LTD.**, No. 03S01-9808-CV-00094, 2000 WL 949364, at *1 (Tenn. Sp. Workers Comp. July 5, 2000)). We note that some of the foregoing Workers' Compensation cases cited in previous appellate decisions contain the designation "Memorandum Opinion." Such designation appears to be different from the "Memorandum Opinion" designation under Rule 10 of the Tennessee Rules of the Court of Appeals. *See* Tenn. R. Ct. App. 10 ("This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION', shall not be published, and shall not be cited or relied on for any reason in any unrelated case.").

Court concluded that, on review of section 9-8-402(d)(1), "[t]he statute unambiguously requires the employee to file his or her petition for benefit determination within ninety days *of the denial of the claim by the DCRM*." *Id.* at \*3 (emphasis added).

Similarly, section 9-8-402(c) unambiguously requires a claimant to file an appeal with the Claims Commission within 90 days of the date of the denial notice. Tenn. Code Ann. § 9-8-402(c). When applying any statute, a court has a duty to ascertain and fully effectuate the "legislative intent [of the statute], taking care not to broaden [it] beyond its intended scope . . . ." *Womack v. Corr. Corp. of Am.*, 448 S.W.3d 362, 366 (Tenn. 2014) (citing *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013); *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). As the Tennessee Supreme Court has explained, "[a] statute should be read naturally and reasonably, with the presumption that the legislature says what it means and means what it says." *Kampmeyer*, 639 S.W.3d at 26 (citing *Chattanooga-Hamilton Cnty. Hosp. Auth. v. UnitedHealthcare Plan of the River Valley, Inc.*, 475 S.W.3d 746, 758 (Tenn. 2015)). Here, the Legislature could have added language to section 9-8-402(c) stating that a claimant must file a notice of appeal within 90 days of *the claimant's receipt* of the denial notice, but it did not. We cannot read language into the statute that is not there, and adopting Mr. Ferguson's interpretation of the statute would require us to do so. Accordingly, we conclude that the 90-day time limit for Mr. Ferguson to file his notice of appeal began to run on November 2, 2023, the date of the denial notice.

Next, we turn to Mr. Ferguson's argument that his notice of appeal was timely because he *mailed* it within the 90-day window. Specifically, he alleges that, because the notice of appeal was *postmarked* on January 31, 2024, *i.e.,* 90 days from November 2, 2023, it was timely filed. As support for this argument, Mr. Ferguson relies on Tennessee Rule of Civil Procedure 5.02(1) and Tennessee Rule of Appellate Procedure 20(a) and (c). As an initial matter, while Tennessee Code Annotated section 9-8-403(a)(1) and the Commission Rules provide that proceedings before the Claims Commission "shall be conducted pursuant to the Tennessee Rules of Civil Procedure where applicable," *see* Tenn. Code Ann. § 9-8-403(a)(1); Tenn. Comp. R. & Regs. 0310-01-01-.01, such language concerning the application of the Tennessee Rules of *Appellate* Procedure to proceedings before the Claims Commission is notably absent from the statute and the Commission Rules. Indeed, the Tennessee Rules of Appellate Procedure are applicable only when a claimant appeals the decision of a commissioner or the Claims Commission *to this Court*. *See* Tenn. Code Ann. § 9-8-403(a)(1). We note that Mr. Ferguson cites Commission Rule 0310-01-01-.04 as support for his argument that the Rules of Appellate Procedure apply to Claims Commission proceedings. That Rule provides: "The Claims Commission and those who practice law before it is subject to the Tennessee Supreme Court Rules in the same manner as courts, where applicable." Tenn. Comp. R. & Regs. 0310-01-01-.04. Importantly the Tennessee Supreme Court Rules are a canon separate from the Tennessee Rules of Appellate Procedure, and the applicability of the Tennessee Supreme Court Rules to proceedings before the Claims Commission does not command application of the Rules

of Appellate Procedure to such proceedings.  Accordingly, Mr. Ferguson's reliance on the Tennessee Rules of Appellate Procedure is misplaced.

As to Mr. Ferguson's reliance on Tennessee Rule of Civil Procedure 5.02(1) in support of his argument that his notice of appeal was timely, Tennessee Rule of Civil Procedure 5.02(1) governs the *service* of documents, to-wit: "[s]*ervice* by mail is complete upon mailing."  Tenn. R. Civ. P. 5.02(1) (emphasis added).  Under Tennessee Code Annotated section 9-8-402(c), Mr. Ferguson was not required to *serve* the Claims Commission with the notice of appeal.  Rather, he was required to *file* it with Claims Commission.  *See* Tenn. Code Ann. § 9-8-402(c) (stating that the claimant has a "right to file" a claim); *see also* Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(c) (stating that a claim proceeds from the DCRM to the Claims Commission by a claimant "filing" the notice of appeal with the Claims Commission).  As such, Tennessee Rule of Civil Procedure 5.02(1) is inapplicable here.

Turning to Mr. Ferguson's argument that mailing the notice of appeal within the 90-day window made it timely, in ***Dixon v. State***, No. 03C01-9810-BC-00111, 1999 WL 685874 (Tenn. Workers Comp. Panel Aug. 30, 1999), the Tennessee Supreme Court addressed this issue, *i.e.,* whether "placing a notice of appeal [to the Claims Commission] in the United States mail constitute[d] the filing of such a document."  ***Id.*** at *2.  In ***Dixon***, the appellant's denial notice was dated September 10, 1993, and stated that she had 90 days from September 10, 1993, to file an appeal with the Claims Commission.  ***Id.*** at *1.  Accordingly, for her notice of appeal to be timely, it had to be filed by December 9, 1993. ***Id.*** at *2.  The notice of appeal was not filed until January 14, 1997.  ***Id.*** at *1.  Even though the appellant's notice of appeal was over three years delayed, she alleged that it was timely because it "was filed by mailing it on December 7, 1993[.]"  ***Id.***   In addressing this argument, the ***Dixon*** Court reasoned:

> Proceedings before the Tennessee Claims Commission are governed by the Tennessee Rules of Civil Procedure. T.C.A. § 9-8-403[(a)(1)].  With regard to filing documents with the courts, Rule 5.06, T.R.C.P., provides: "The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . .  The clerk shall endorse upon every pleading and other papers filed with him in an action the date and hour of the filing."  The [r]ules do not define "filing."  In ***Fanning v. Fly***, 42 Tenn. [] 486 (1865), the Court said, "A paper is said to be filed, when it is delivered to the proper officer, and by him received to be kept on file; and papers put together and tied in bundles, are called a file." [] 42 Tenn. at 488.  In ***Dooley v. Dooley***, 980 S.W.2d 369 (Tenn. App. 1998), defendant's counsel had mailed an answer to a petition for contempt to opposing counsel without filing the answer with the clerk of the court.  The Court held that such action did not "constitute a 'filing'" of the answer which would waive personal jurisdiction.

*Dixon*, 1999 WL 685874, at \*3. The ***Dixon*** Court went on to state that the appellant cited no authority, and the Court could find none, for the proposition that placing a notice of appeal to the Claims Commission in the mail fulfilled the filing requirement of Tennessee Code Annotated section 9-8-402. ***Id.*** Accordingly, the Court concluded that the appellant's notice of appeal was not timely filed. ***Id.*** Similarly, Mr. Ferguson has cited no relevant authority, and we find none, for the proposition that post-marking a notice of appeal within the 90-day time period fulfills the filing requirement set out in section 9-8-402(c). Accordingly, we cannot conclude that Mr. Ferguson's notice of appeal was timely because it was postmarked within the 90-day window.

Lastly, Mr. Ferguson argues that, because he received the denial notice via mail, he was granted an additional three days to file his appeal under Tennessee Rule of Civil Procedure 6.05. As discussed at length above, Tennessee Code Annotated section 9-8-402(c) provides that a claimant must "***file*** a claim with the [C]laims [C]ommission ***within ninety (90) days of the date of the denial notice***." Tenn. Code Ann. § 9-8-402(c) (emphases added). Likewise, the Commission Rules provide that "[a] claim proceeds from the [DCRM] to the Claims Commission after the time periods set out in T.C.A. § 9-8-402(c) by either transfer from the [DCRM] ***or by filing with the Claims Commission (claimant is required to act) within the time limit set out in T.C.A. § 9-8-402(c)***." Tenn. Comp. R. & Regs. 0310-01-01-.01(2)(c) (emphasis added). We interpret the foregoing rule to require a party, who wishes to file an appeal from an adverse DCRM decision to the Claims Commission, to comply with the 90-day time period outlined in Tennessee Code Annotated section 9-8-402(c) in order to confer jurisdiction on the Claims Commission to hear the claim. As noted above, generally, the Tennessee Rules of Civil Procedure apply to proceedings before the Claims Commission. *See* Tenn. Code Ann. § 9-8-403(a)(1); Tenn. Comp. R. & Regs. 0310-01-01-.01. Thus, the question we must answer is whether Tennessee Rule of Civil Procedure 6.05 extends the 90-day period for filing by three days if the denial notice is sent by mail. If Rule 6.05 applies, Mr. Ferguson's appeal would be timely filed.

Tennessee Rule of Civil Procedure 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period ***after the service of a notice*** or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05 (emphasis added). By its plain language, Rule 6.05 is applicable only where a party has a right or is required to act or take some proceedings within a prescribed period of time *after the service* of a notice or other paper on that party. If the act is predicated on some other event, like the entry of a final judgment or order, then Rule 6.05 does not apply. ***Cheairs v. Lawson***, 815 S.W.2d 533, 534 (Tenn. Ct. App. 1991); ***Houseal***

*v. Roberts*, 709 S.W.2d 580, 581 (Tenn. Ct. App. 1984) (explaining that "the three day extension is applicable only to those situations where a party 'is required to do some act . . . within a prescribed period *after the service of a notice or other paper upon him*.'") (emphasis in original). As discussed above, Tennessee Code Annotated section 9-8-402(c) required Mr. Ferguson to file his notice of appeal within 90 days after the *date* of the denial notice rather than within 90 days after the *service* of that notice. Here, DCRM's denial notice is dated November 2, 2023; 90 days from November 2, 2023 would be January 31, 2024. Mr. Ferguson's notice of appeal was filed on February 5, 2024, which was 93 days after the denial notice.

In ***Halstead v. Niles-Bolton Association***, No. 01-A-01-9503-CV-0013, 1996 WL 50861 (Tenn. Ct. App. Feb. 9, 1996), we addressed whether Rule 6.05 extended the time in which a plaintiff could file a complaint under Tennessee Code Annotated section 20-1-119, the comparative fault statute. Section 20-1-119 allows a plaintiff to file a separate complaint against a previously unnamed party "within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault." Tenn. Code Ann. § 20-1-119. In ***Halstead***, the original defendant filed his answer on March 8, 1994, alleging that the plaintiff's injuries were proximately caused by the negligence of other parties. ***Halstead***, 1996 WL 50861, at *1. On June 7, 1994, 91 days after the original defendant's answer, the plaintiff filed a separate action against the other parties. *Id.* The other parties moved for summary judgment, arguing that the plaintiff's claims against them were not timely filed under section 20-1-119. *Id.* The plaintiff argued that Tennessee Rule of Civil Procedure 6.05 applied and extended the time for filing by three days because he received the original defendant's answer by mail. *Id.* This Court held that Rule 6.05 was inapplicable because the rule, "[b]y its own terms . . . does not apply in circumstances where a party is required to take some action within a prescribed period after the ***filing*** of a paper." *Id.* at *2 (emphasis added). We further observed that our holding was consistent with previous constructions of Rule 6.05. *Id*. (citing ***Cheairs***, 815 S.W.2d at 534 (holding that Rule 6.05 does not extend the period for perfecting administrative appeals, which must be filed within 60 days of the agency's final order)). Similarly, in ***Copeland v. Bick***, No. 01-A-01-9503-CV-00114, 1995 WL 517493 (Tenn. Ct. App. Sept. 1, 1995), this Court held that Rule 6.05 applies "only in situations where action must be taken within a prescribed period ***after service*** of the notice or other paper." *Id.* at *1 (emphasis added). "Where action is required by a certain time without reference to notice or service, Rule 6.05 does not affect the time within which the action must be taken." *Id.* (citing ***Cheairs***, 815 S.W.2d at 534). Although Tennessee Code Annotated section 9-8-402(c) contains the word "notice," when read in full context, the time for appeal runs from *the date of the denial notice*, not from the date the party receives or is served with that notice. Accordingly, the mere inclusion or reference to the word "notice" in the statute does not trigger application of Rule 6.05 unless the statutory time begins to run from the *service* of that notice on a party. In short, Rule 6.05 expands a statutory time period only in those cases where that time period is triggered by "***the service*** of a notice," as opposed to the mere existence of a notice.

The foregoing cases support the conclusion that Rule 6.05 is inapplicable here and that Mr. Ferguson's notice of appeal was untimely. Tennessee Code Annotated section 9-8-402(c) required Mr. Ferguson's appeal to be filed within "ninety (90) days of the date of the denial notice," *i.e.,* November 2, 2023. Here, Mr. Ferguson's appeal was filed on February 5, 2024, 93 days after the date of the denial notice. Because Mr. Ferguson's notice of appeal was not timely, the Claims Commission did not gain jurisdiction over Mr. Ferguson's claim. Accordingly, we conclude that the Claims Commission did not err in granting the State's motion to dismiss.

## V. Conclusion

For the foregoing reasons, we affirm the Claims Commission's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed to the Appellant, William Ferguson. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE