IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | |
|---|---|
| BEGLEY LUMBER COMPANY, INC., | ) C/A NO. 03A01-9902-CH-00047 |
| | ) |
| Substitute Appellant, | ) SCOTT CHANCERY |
| | ) |
| v. | ) HON. BILLY JOE WHITE, |
| | ) JUDGE |
| WENDELL TRAMMELL, | ) |
| | ) AFFIRMED AND |
| Appellee. | ) REMANDED |

TIMOTHY P. WEBB, Jacksboro, for Appellant, Wendell Trammell.

JOSEPH G. COKER, Jacksboro, for Subsitute appellee.

**O P I N I O N**

Franks, J.

In this action to quiet title, the Trial Judge ruled in favor of the plaintiffs, and defendant has appealed to this Court, insisting that the Trial Judge erred by not applying the affirmative defense of the statute of limitations set forth in Tennessee Code Annotated §66-5-108(j).

The plaintiff, Begley Lumber Company,[1] asks that this appeal be

---

[1] The judgment was in favor of the original plaintiffs, the Stewarts and Tommy Gambrel. After judgment, the Begley Lumber Company purchased all of the lands and interest previously held by the plaintiffs and Begley Lumber Company was designated as the substitute appellee by order of this Court on May 6, 1999.

dismissed for failure of the appellant to perfect an appeal by filing notice of appeal in the office of the clerk within thirty days of the entry of final judgment, as required by Rules 2, 3, 4(a), and 21 of the Tennessee Rules of Appellate Procedure.

Tennessee Rule of Appellate Procedure 3(a) provides that "[i]n civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right." That appeal is initiated by timely filing a notice of appeal with the clerk of the trial court. T.R.A.P. Rule 3(e). "[T]he notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." T.R A.P. Rule 4(a). While a Rule allows the court to suspend the requirements of the Rules for good cause, it specifically states that "this rule shall not permit the extension of time for filing a notice of appeal prescribed in rule 4, an application for permission to appeal prescribed in rule 11, or a petition for review prescribed in rule 12." T.R A.P. Rule 2. The Rules also allow appellate courts to extend the time periods given in the Rules, with the exception of the time for filing a notice of appeal. T.R.A.P. Rule 21(b).

This Court lacks jurisdiction to hear and decide a case if the notice of appeal is not timely filed. *See First National Bank of Polk County v. Goss,* 912 S.W.2d 147, 148-149 (Tenn. App. 1995).

In this case, it is undisputed that the notice of appeal was not filed until thirty-one days past the entry of the judgment. Appellant, however, argues that the time period should be extended to thirty-three days because the judgment required notice of entry, and that notice of entry was given by mail. He relies on T.R.C.P. 58 and 6.05. Rule 58 states in relevant part:

> When requested by counsel or pro se parties, the clerk shall mail or deliver a copy of the entered judgment to all parties or counsel within five days after entry; notwithstanding any rule of civil or appellate procedure to the contrary, time periods for post-trial motions or a notice

2

of appeal shall not begin to run until the date of such requested mailing or delivery.

This provision states that the time for filing a notice of appeal runs from the date of the requested mailing, if a notice of judgment is mailed. Here, the Certificate of Service by the Clerk and Master shows that it was mailed on January 4, 1999, the day before the judgment was filed. Accordingly, this provision, alone, will not extend the time period in this case. Rule 6.05 then provides as follows:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Cases interpreting this rule hold that it only extends the time period when a party is required to do some act after service of a notice or other paper. If the act is predicated on some other event, like the entry of a final judgment or order, then the rule does not apply. *Cheairs v. Lawson*, 815 S.W.2d 533, 534 (Tenn. App. 1991); *Houseal v. Roberts*, 709 S.W.2d 580, 581 (Tenn. App. 1984). In *Halstead v. Niles Bolton Associates,* 1996 WL 50861 (Tenn. App. Feb. 9, 1996), we said regarding this rule:

> Tenn. R. Civ. P. 6.05 applies only in circumstances where a party "is required to do some act . . . within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail." By its own terms, it does not apply in circumstances where a party is required to take some act within a prescribed period after the filing of a paper.

In this case, T.R.A.P. Rule 4(a) requires that notice of appeal be filed and received by the clerk of the trial court within 30 days after the date of entry of the judgment. Thus, it requires an act after the entry of the judgment, not notice of the judgment, and if notice of the judgment is given by mail, the time period is not extended by three days. The judgment was entered on January 5, 1999, and the notice was filed on February 5, 1999. Therefore, it was not timely filed. Accordingly, we dismiss this appeal at defendant Trammell's cost.

_____
_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.