# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 13, 2001 Session

## JERRY ALLEN GRACE, ET AL. v. MOUNTAIN STATES HEALTH ALLIANCE, d/b/a/ JOHNSON CITY MEDICAL CENTER HOSPITAL, ET AL.

### Appeal from the Law Court for Washington County
### No. 20423    Thomas J. Seeley, Jr., Judge

### FILED SEPTEMBER 25, 2001

### No. E2000-03031-COA-R3-CV

---

In this medical malpractice suit the Trial Court granted a summary judgment in favor of Mountain States Health Alliance, d/b/a/ Johnson City Medical Center Hospital and five Doctors.  The Trial Court overruled the Plaintiffs' motion to alter or amend his determination that all Defendants were entitled to summary judgment. As to the Doctors, the determination was predicated upon the motion to alter or amend not being timely filed, and as to the Medical Center on the grounds that the delay in submitting materials accompanying the motion to alter or amend was not justified.  We affirm.

### Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed; Cause Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Bob McD Green, Johnson City, Tennessee, for the Appellants, Jerry Allen Grace and wife, Wanda Grace

M. Stanley Givens and Frank H. Anderson, Jr., Johnson City, Tennessee, for the Appellee, Mountain States Health Alliance, d/b/a Johnson City Medical Center Hospital

Jeffrey M. Ward, Greeneville, Tennessee, for the Appellee, Rachel Monderer, M.D.

Richard M. Currie, Jr., Kingsport, Tennessee, for the Appellee, Claude C. Haws, M.D.

Charles T. Herndon, Johnson City, Tennessee, for the Appellee, Steven C. Hamel, M.D.

Jimmie C. Miller, Kingsport, Tennessee, for the Appellee, Kenneth Turner, M.D.

No Brief was filed for the Appellee, James L. Davenport, M.D.

# OPINION

This is a medical malpractice suit brought by Jerry Allen Grace and his wife, Wanda Grace, against Mountain States Health Alliance, d/b/a Johnson City Medical Center Hospital, and Drs. Rachael Monderer, Steven C. Hamel, Claude C. Haws, Kenneth Turner, and James L. Davenport. Mrs. Grace seeks damages for injuries she received which she alleges were caused by the negligence of the Defendants, and Mr. Grace seeks damages for loss of consortium.

We first note that during oral argument counsel for the Plaintiffs announced that they were abandoning their appeal as to Drs. Hamel and Haws.

As to all Defendants except the Hospital, the Trial Court found that the motion of the Plaintiffs to alter or amend a summary judgment granted to them was not timely filed and overruled the Plaintiffs' motion.

The Plaintiffs insist that under the provisions of Tenn.R.Civ.P. 6.05 they are entitled to add three days to the time specified, which would make their motion timely.

With regard to Johnson City Medical Center, although the motion to alter or amend was timely, the Trial Court nevertheless found that counsel was not entitled to supplement the evidence previously filed bearing on the liability of the Medical Center.

The Plaintiffs appeal and, as already noted, contend as to the Doctors that their motion to alter or amend was timely, and as to the Medical Center the Trial Court erred in refusing to entertain the affidavits filed with the motion.

Unlike most appeals from grants of summary judgment, this appeal as to the Doctors does not turn on whether there is a dispute of material fact, but, rather, is a question of law respecting the applicability of the Rule hereinbefore referenced to time limitation vis-a-vis motions to alter or amend.

Rule 6.05 provides the following:

> **6.05. Additional Time after Service by Mail.--** Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail three (3) days shall be added to the prescribed period.

The limitation of the period to alter or amend is 30 days. In the present case the order granting summary judgment to the Defendant Doctors was entered on August 23, and the motion to alter or amend was not filed until September 25, which would be three days beyond the deadline of September 22.

The Plaintiffs cite a treatise titled, "Weissenberger's Tennessee Civil Practice Manual," which supports their insistence relative to the applicability of Rule 6.05. However, there are several Tennessee cases--which we believe are controlling--that hold to the contrary. In Houseal v. Roberts, 709 S.W.2d 580 (Tenn. Ct. App. 1984), this Court, in addressing Rule 6.05, the context of an appeal from a ruling of the Commissioner of the Department of Safety ordering the forfeiture of certain money received, which appeal is initiated by filing a petition of review within 60 days after the entry of the adverse administrative ruling, found that the Rule in question was not applicable, using the following language:

> The appellants argue that because they were apprised of the decision of the Department of Safety through the mail they should have been allowed three extra days to file the petition as Rule 6.05 of the Tennessee Rules of Civil Procedure provides. However, we note that the three day extension is applicable only to those situations where a party "is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon him.*" Tenn.R.Civ.P. 6.05 (Emphasis supplied). The statute which imposes the sixty day limitation on the appellants in this case provides that the period runs from the date of the entry of the agency's final order. T.C.A. § 4-5-322 (1982). Notice is not mentioned in the statute. *Id.* Therefore, we believe Rule 6.05 is inapposite.

Two later cases, Cheairs v. Lawson, 815 S.W.2d 533 (Tenn. Ct. App. 1991), (also involving the petition of review for a forfeiture order of the Department of Safety) and Begley Lumber Company, Inc. v. Trammell, 15 S.W.3d 455 (Tenn. Ct. App. 1999), (a Rule 3 appeal) construed the Rule, as did the Houseal Court.

In accordance with the foregoing authority, we find the motions as to the Defendant Doctors was not timely and that the Trial Court's action in denying the motion was appropriate.

As to the motion insofar as it concerns the Medical Center, the Trial Court made the following finding:

> As to defendant, Mountain States Health Alliance, d/b/a Johnson City Medical Center, the Court found that there was no evidence of justification for the delay of submission of an expert affidavit by plaintiffs and that the plaintiffs were aware of the alleged wrong medication being administered since the filing of the first Complaint and should have, with due diligence, earlier obtained an expert affidavit relative to this issue.

In Harris v. Chern, 33 S.W.3d 741 (Tenn. 2000), released on December 8, 2000, the Supreme Court in addressing a Rule 54.02 motion said the following:

We granted this appeal to determine the standard to be applied in ruling upon a Tenn.R.Civ.P. 54.02 motion to revise a grant of partial summary judgment based upon evidence beyond that which was before the court when the motion was initially granted. For the reasons stated below, we reject the newly discovered evidence rule applied by the trial court and set forth in <u>Bradley v. McLeod</u>, 984 S.W.2d 929 (Tenn.Ct.App.1998). We adopt a test requiring the trial court to consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor. Accordingly, we reverse the judgment of the Court of Appeals and remand to the trial court for application of this standard.

Although <u>Harris</u> by its very language applies to Rule 54.02 motions, this Court has twice used the factors set forth in <u>Harris</u> when considering a Rule 59.04 motion to alter or amend. See <u>King v. City of Gatlinburg</u>, E2000-00734-COA-R3-CV, 2001 WL 483419 at *3 (Tenn. Ct. App. May 8, 2001) ("This Section of this Court recently adopted the reasoning applied in the Supreme Court decision of <u>Harris v. Chern</u> . . . in reviewing the denial of a Rule 59.04 motion. See <u>Smith v. Haley</u>, 2001 WL 208515 (Tenn. Ct. App. March 2, 2001).

In light of the Trial Judge's finding of fact relative to delay in submitting an affidavit, we cannot find that he abused its discretion in so doing.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Jerry Allen Grace and his wife, Wanda Grace, and their surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-4-