FILED
03/11/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 7, 2019

IN RE ELIZABETH H.

**Appeal from the Chancery Court for Putnam County**
**No. 2017-21-A        Ronald Thurman, Chancellor**

_____

**No. M2018-01464-COA-R3-PT**

_____

The mother has appealed from a final judgment terminating her parental rights. Because the mother did not file her notice of appeal within thirty days after entry of the judgment as required by Tenn. R. App. P. 4(a), we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Shawn Daniel Wilson, Cookeville, Tennessee, for the appellant, Amanda O.

Gary W. Dodson, Sparta, Tennessee, for the appellees, James H. and Krisshana H.

**MEMORANDUM OPINION[1]**

This appeal arises out of a petition to terminate a mother's parental rights. The trial court entered a final judgment terminating the mother's parental rights on July 11, 2018. Under Tenn. R. App. P. 4(a), the mother was required to file her notice of appeal with the clerk of the appellate court by Friday, August 10, 2018, thirty days after entry of the judgment. The mother did not file her notice of appeal with the clerk of this court until Monday, August 13, 2018.

The record on appeal was filed on February 21, 2019. After reviewing the record, this court ordered the mother to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal. The mother has filed a response opposing

_____

[1] Under the rules of this Court, memorandum opinions may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

dismissal of the appeal. The response is not supported by an affidavit of counsel or by any other proof. Nevertheless, in light of the rights at stake, we have taken all of counsel's factual assertions as true.

The mother first asserts that her counsel mailed the notice of appeal to the clerk of this court on August 8, 2018, well within the thirty day time period. Papers filed with the appellate court are considered timely only if they "are received by the clerk within the time fixed for filing or mailed to the office of the clerk by certified return receipt mail or registered return receipt mail within the time fixed for filing." Tenn. R. App. P. 20(a). Filings will also be considered timely "if placed with a commercial delivery service, having computer tracking capacity, within the time for filing." *Id.* A filing sent by regular mail will be considered timely only if it is actually received by the clerk within the time fixed for filing. *Id.*

Next, the mother contends that Tenn. R. Civ. P. 6.05 "allows for an additional three days for filings when sent by the United State [sic] Mail service." First, Tenn. R. Civ. P. 6.05 does not apply to filings in this court. Tenn. R. Civ. P. 1. Second, even if Tenn. R. Civ. P. 6.05 did apply to filings in this court, the rule does not allow for an additional three days for filings sent by mail as suggested by the mother. Tenn. R. Civ. P. 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05 only applies when a time period runs from the date of service of a notice of other paper. By its own terms, it does not apply where a party is required to take some act within a prescribed period after the filing of a paper or the entry of a judgment. *Halstead v. Niles Bolton Associates*, No. 01-A-01-9503-CV00113, 1996 WL 50861 at*2 (Tenn. App. Feb. 9, 1996). Thus, even under the previous version of Tenn. R. App. P. 4 which required the notice of appeal to be filed with the trial court clerk, Tenn. R. Civ. P. 6.05 did not apply to the time limit for filing a notice of appeal. *Begley Lumber Co. v. Trammell*, 15 S.W.3d 455, 457 (Tenn. Ct. App. 1999).

Finally, the mother asserts that the notice of appeal "likely arrived on the weekend and was therefore timely in filing." Even if the notice of appeal had arrived in the clerk's office during the weekend, there is no rule that permits a document received by the clerk over the weekend to be treated as filed on the preceding Friday. Tenn. R. App. P. 21(a) provides that, if the last day for filing a document falls on a Saturday, Sunday or legal holiday, the time for filing the document runs until the end of the next day that is not a Saturday, Sunday or legal holiday. Here, the last day for filing the notice of appeal was

Friday, August 10, 2018, and the weekend provisions of Tenn. R. App. P. 21(a) do not apply.

We are reluctant to dismiss an appeal involving the termination of parental rights based solely on a failure to comprehend and comply with the Tennessee Rules of Appellate Procedure. Nevertheless, the time limit for filing the notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion.

**PER CURIAM**