IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 6, 2024

## LARRY E. PARRISH, P.C. v. NANCY STRONG ET AL.

**Appeal from the Chancery Court for Lincoln County**
**No. 15747     J. B. Cox, Chancellor**

_____

**No. M2024-01141-COA-T10B-CV**

_____

The Petitioner sought recusal of the trial court judge. The trial court denied the motion. The Petitioner appeals to this court. Because the petition on appeal was not filed within twenty-one days of the entry of the order, we dismiss the appeal as untimely.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, Larry E. Parrish, P.C.

Timothy T. Ishii, Nashville, Tennessee, for the appellee, Nancy J. Strong.

Jonathan Skrmetti, Attorney General & Reporter; and Amy Turnbull Hollars, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### I.

A Tennessee professional corporation, Larry E. Parrish, P.C. ("LEP"), asserts that the Chancellor erred by denying a motion to recuse. While some challenges exist in fully deciphering LEP's filing on appeal, it appears that LEP sought to disqualify the Chancellor approximately seven years after "the incident which precipitated the grounds for disqualification," that it alleged the Chancellor exhibited "result-oriented" rulings and improperly sanctioned LEP, and that it believed the Chancellor should be disqualified for allegedly failing to rule on a question of subject matter jurisdiction related to whether a

counterclaim against LEP was validly raised in an *in rem* proceeding. Additionally, LEP's motion challenged the constitutionality of the prompt filing requirement of Rule 10B.

LEP supplemented its motion,[1] asserting that the Chancellor exhibited prejudice at a zoom hearing that was canceled due to the pending recusal motion. In a separate "memorandum," LEP appeared to seek recusal based on the contention that the judge ignored a jurisdictional issue in an order of dismissal. Additionally, LEP added a reference based upon a literal understanding of a self-deprecating remark the Chancellor allegedly made that he was not "smart enough" to decide the jurisdictional issue. LEP subsequently filed a supplemental motion again asserting the court lacked subject matter jurisdiction. The State of Tennessee intervened to argue that the chancery court lacked subject matter jurisdiction to decide the constitutional challenge that was being advanced by LEP to Rule 10B. *See Long v. Bd. of Prof'l Responsibility of Sup. Ct.*, 435 S.W.3d 174, 184 (Tenn. 2014). On appeal, LEP indicates that only the Tennessee Supreme Court may adjudicate the constitutionality of Tennessee Supreme Court Rule 10B. LEP states that the chancery court erred by declining to recuse. LEP, which asserts that neither the trial court nor this court have subject matter jurisdiction over its challenge to Tennessee Supreme Court Rule 10B itself, asks this court to reverse the trial court's dismissal of his motion to recuse.

II.

According to the petition filed in this court, the chancery court filed the order dismissing the motion to recuse in this case on July 3, 2024. LEP's petition references an "order dismissing Recusal Motion" as Exhibit 7. Exhibit 7, however, does not appear in the record transmitted to this Court. Rule 10B requires that the petition for recusal appeal be accompanied by a copy of the trial court's order or opinion ruling on the motion. Tenn. Sup. Ct. R. 10B § 2.03. Without a copy of the trial court's order, we cannot review the trial court's decision, analyze its reasoning, or determine the timeliness of the appeal, *see Judzewitsch v. Judzewitsch*, No. E2022-00475-COA-T10B-CV, 2022 WL 1279790, at *2 (Tenn. Ct. App. Apr. 29, 2022), and the appeal is subject to dismissal, *see Robert R. Batson, Sr. Revocable Living Tr. by Batson v. Batson-Smith*, No. M2024-00739-COA-T10B-CV, 2024 WL 2933352, at *2 (Tenn. Ct. App. June 11, 2024).

On July 29, 2024, LEP filed the "Petition for Recusal Appeal," "pursuant to Rules of the Supreme Court State of Tennessee, Rule 10B," asserting that the trial court lacked jurisdiction to adjudicate the constitutionality of Rule 10B and urging this court to "reverse Chancery Court's intrusion over the boundary by attempting to exercise subject matter jurisdiction that Chancery Court has never had by dismissing the Recusal

---

[1] The supplement to the motion references an affidavit not included in the appellate record.

Motion."  LEP asserts that its petition is timely under the Rules of Civil Procedure because the "standard means by which the Clerk & Master notifies litigants in Chancery Court that Chancery Court has entered an order is by United States Mail," entitling LEP to a three-day extension.

We conclude the petition is not timely, and the appeal is accordingly dismissed. Under Rule 10B, when a trial court enters an order denying a motion for disqualification, a party may seek an accelerated interlocutory appeal as of right.  Tenn. Sup. Ct. R. 10B § 2.01.  If the appellate court determines that no answer is required, it may act summarily, without further briefing or argument.  Tenn. Sup. Ct. R. 10B §§ 2.05, 2.06.

"To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order."  Tenn. Sup. Ct. R. 10B § 2.02.  This court may not provide relief from an untimely filing: "The time periods for filing a petition for recusal appeal pursuant to section 2.02 and for filing an accelerated application for permission to appeal to the Supreme Court pursuant to section 2.07 are jurisdictional and cannot be extended by the court."  Tenn. Sup. Ct. R. 10B § 2.08.  Furthermore, and contrary to LEP's contention that the Rules of Appellate Procedure do not apply, Rule 10B expressly provides that "[t]he computation of time for filing the foregoing matters under section 2 shall be governed by Tenn. R. App. P. 21(a)." Tenn. Sup. Ct. R. 10B § 2.08.[2]

Rule 21(a) accordingly governs the computation of time in a recusal appeal.  Rule 21 states:

> (a) Computation of Time.  In computing any period of time prescribed or allowed by these rules, the date of the act, event, or default after which the designated period of time begins to run shall not be included.  The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.  When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation.

---

[2] We note, however, that Rule 10B "supercede[s] any inconsistent provisions of the Tennessee Rules of Appellate Procedure for purposes of the accelerated interlocutory appeal."  Tenn. Sup. Ct. R. 10B, Explanatory Comment § 2.

Tenn. R. App. P. 21(a). Rule 21 makes no exceptions for litigants notified of court filings through U.S. mail.

LEP argues that Rule 6.05[3] of the Tennessee Rules of Civil Procedure "adds a 3-day extension onto the filing deadline." Rule 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05. LEP asserts that the notice of filing was mailed, that LEP did not receive notice until July 9, 2024, and that LEP is entitled to the three extra days, making July 29, 2024, the expiration of the deadline and bringing its filing into compliance with the time limitation set by Rule 10B.

LEP's argument on timeliness, however, is without merit. As an initial matter, the Tennessee Rules of Civil Procedure "do not apply to the Court of Appeals," meaning LEP cannot benefit from the additional three days under the Rules of Civil Procedure. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 654 (Tenn. Ct. App. 1988); *see* Tenn. R. Civ. P. 1 ("[T]he Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts.").

Moreover, "Rule 6.05 applies only when a party is required to do some act after service of a notice or other paper and does not apply when the doing of the act is triggered by some other event, like the entry of a final judgment." *Binkley v. Medling*, 117 S.W.3d 252, 257 (Tenn. 2003) (the Rule did not apply to the filing of a Rule 59 motion) (citing *Begley Lumber Co., Inc. v. Trammell*, 15 S.W.3d 455, 457 (Tenn. Ct. App. 1999) ("[I]f notice of the judgment is given by mail, the time period is not extended by three days.")). Here, the act triggering the deadline is not a service of notice or other paper but the entry of a judgment. Accordingly, the extension provided by Rule 6.05 would not in any event enlarge the time period for an accelerated interlocutory appeal. LEP did not file the petition for accelerated interlocutory appeal within 21 days of the judgment, and this requirement is jurisdictional. Tenn. Sup. Ct. R. 10B § 2.08. Accordingly, we dismiss the appeal.

## CONCLUSION

Because the petition for recusal appeal is untimely, the appeal is dismissed.

---

[3] LEP cites Rule 6.02, which gives a trial court the authority to enlarge time for certain acts, for this proposition, but it also cites Rule 6.05 in the same footnote.

_____
JEFFREY USMAN, JUDGE