IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 6, 2024

## LARRY E. PARRISH, P.C.  v. NANCY STRONG ET AL.

**Appeal from the Chancery Court for Lincoln County**
**No. 13039     J. B. Cox, Chancellor**

_____

### No. M2024-01140-COA-T10B-CV

_____

The Petitioner sought recusal of the trial court judge.  The trial court denied the motion. The Petitioner appeals to this court.  Because the petition on appeal was not filed within twenty-one days of the entry of the order, we dismiss the appeal as untimely.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Appeal Dismissed**

JEFFREY USMAN, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and KENNY W. ARMSTRONG, JJ., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, Larry E. Parrish, P.C.

Timothy T. Ishii, Nashville, Tennessee, for the appellee, Nancy J. Strong.

Jonathan Skrmetti, Attorney General & Reporter; and Amy Turnbull Hollars, Assistant Attorney General, for the appellee, State of Tennessee.[1]

## OPINION

### I.

A Tennessee professional corporation, Larry E. Parrish, P.C. ("LEP"), asserts that the Chancellor erred by denying a motion to recuse.  While some challenges exist in fully

---

[1] The nature of the involvement of the Attorney General in this case is not entirely clear from the record before us, but it appears that the Attorney General intervened in a contemporaneously filed motion for disqualification in a related case, *see Larry E. Parrish, P.C., v. Nancy Strong, et al.*, M2024-01141-COA-T10B-CV, which included a challenge to the constitutionality of Rule 10B of the Rules of the Supreme Court of Tennessee.

deciphering LEP's filing on appeal, it appears that the motion to recuse filed below primarily attacks the trial court's subject matter jurisdiction and appears premised on a literal reading of a self-deprecating remark in which the Chancellor allegedly said he was not "smart enough" to adjudicate the issue of subject matter jurisdiction. On April 8, 2024, LEP filed a "Replacement" motion to disqualify, which tangentially references Rule 10B but raises subject matter jurisdiction issues substantially similar to the initial motion and further elaborates that the chancery court allegedly did not make any determination regarding its subject matter jurisdiction. In an apparent reversal of course, LEP then filed a motion to disqualify the Chancellor from adjudicating the "Replacement" motion, again premised on LEP's contention that the Chancellor had deemed himself "intellectually unable" to rule on the issue of subject matter jurisdiction.

On July 3, 2024, the trial court entered an order on the motion to disqualify. Noting the position of the Attorney General's office that it was not intervening because "Rule 10B had not been specifically pled," the chancery court denied the motion to disqualify, concluding that the motion did not raise any recognized basis for recusal under Rule 10B, that the jurisdictional issue had been raised and adjudicated in prior proceedings, and that the grounds raised in the motion were governed by res judicata.

II.

The court's order is file-stamped July 3, 2024. On July 29, 2024, LEP filed the "Petition for Recusal Appeal," "pursuant to Rules of the Supreme Court State of Tennessee, Rule 10B," asserting that the trial court lacked jurisdiction to adjudicate the constitutionality of Rule 10B.[2] LEP asserts that its petition is timely under the Rules of Civil Procedure because the "standard means by which the Clerk & Master notifies litigants in Chancery Court that Chancery Court has entered an order is by United States Mail," entitling LEP to a three-day extension.

We conclude the petition is not timely, and the appeal is accordingly dismissed. Under Rule 10B, when a trial court enters an order denying a motion for disqualification, a party may seek an accelerated interlocutory appeal as of right. Tenn. Sup. Ct. R. 10B § 2.01. If the appellate court determines that no answer is required, it may act summarily, without further briefing or argument. Tenn. Sup. Ct. R. 10B §§ 2.05, 2.06.

"To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal shall be filed in the appropriate appellate court within twenty-one days of the trial court's entry of the order." Tenn. Sup. Ct. R. 10B § 2.02. This court may not provide relief from

---

[2] The constitutionality of Rule 10B was not raised in the motion filed below in this case, although it was raised in a companion case. *See Larry E. Parrish, P.C., v. Nancy Strong, et al.*, M2024-01141-COA-T10B-CV.

an untimely filing: "The time periods for filing a petition for recusal appeal pursuant to section 2.02 and for filing an accelerated application for permission to appeal to the Supreme Court pursuant to section 2.07 are jurisdictional and cannot be extended by the court." Tenn. Sup. Ct. R. 10B § 2.08. Furthermore, and contrary to LEP's contention that the Rules of Appellate Procedure do not apply, "[t]he computation of time for filing the foregoing matters under section 2 shall be governed by Tenn. R. App. P. 21(a)." Tenn. Sup. Ct. R. 10B § 2.08.[3]

Rule 21(a) accordingly governs the computation of time in a recusal appeal. Rule 21 states:

> (a) Computation of Time. In computing any period of time prescribed or allowed by these rules, the date of the act, event, or default after which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays and legal holidays shall be excluded from the computation.

Tenn. R. App. P. 21(a). Rule 21 makes no exceptions for litigants notified of court filings through U.S. mail.

LEP argues that Rule 6.05[4] of the Tennessee Rules of Civil Procedure "adds a 3-day extension onto the filing deadline." Rule 6.05 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon such party and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period.

Tenn. R. Civ. P. 6.05. LEP asserts that the notice of filing was mailed, that LEP did not receive notice until July 9, 2024, and that it is entitled to the three extra days, making July

---

[3] We note, however, that Rule 10B "supercede[s] any inconsistent provisions of the Tennessee Rules of Appellate Procedure for purposes of the accelerated interlocutory appeal." Tenn. Sup. Ct. R. 10B, Explanatory Comment § 2.

[4] LEP cites Rule 6.02, which gives a trial court the authority to enlarge time for certain acts, for this proposition, but it also cites Rule 6.05 in the same footnote.

29, 2024, the expiration of the deadline and bringing its filing into compliance with the time limitation set by Rule 10B.

LEP's argument on timeliness, however, is without merit. As an initial matter, the Tennessee Rules of Civil Procedure "do not apply to the Court of Appeals," meaning LEP cannot benefit from the additional three days under the Rules of Civil Procedure *Irvin v. City of Clarksville*, 767 S.W.2d 649, 654 (Tenn. Ct. App. 1988); *see* Tenn. R. Civ. P. 1 ("[T]he Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts.").

Moreover, "Rule 6.05 applies only when a party is required to do some act after service of a notice or other paper and does not apply when the doing of the act is triggered by some other event, like the entry of a final judgment." *Binkley v. Medling*, 117 S.W.3d 252, 257 (Tenn. 2003) (the Rule did not apply to the filing of a Rule 59 motion) (citing *Begley Lumber Co., Inc. v. Trammell*, 15 S.W.3d 455, 457 (Tenn. Ct. App. 1999) ("[I]f notice of the judgment is given by mail, the time period is not extended by three days.")). Here, the act triggering the deadline is not a service of notice or other paper but the entry of a judgment. Accordingly, the extension provided by Rule 6.05 would not in any event enlarge the time period for an accelerated interlocutory appeal. LEP did not file the petition for accelerated interlocutory appeal within 21 days of the judgment, and this requirement is jurisdictional. Tenn. Sup. Ct. R. 10B § 2.08. Accordingly, we dismiss the appeal.

## CONCLUSION

Because the petition for recusal appeal is untimely, the appeal is dismissed.

_____
JEFFREY USMAN, JUDGE